IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRADLEE PRATT,

                Plaintiff,

vs.                                          Case No. 19-3144-SAC

LEXINGTON LAITER, et al.,

                Defendants.

**O R D E R**

This case is before the court to screen plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915A.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. Screening standards

Title 28 United State Code Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. Section 1915 of Title 28 also authorizes the court to dismiss cases which fail to state a claim in in forma pauperis proceedings.

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. A plausibility analysis is a context-specific task depending on a host of considerations, including judicial experience, common sense and the strength of competing explanations for the defendant's conduct. See id. at 679; Twombly, 550 U.S. at 567.

The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to

the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' . . . will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555). A complaint alleging that several defendants violated the law must plainly allege exactly who, among the many defendants named, did what to plaintiff, with enough detail to provide each individual with fair notice as to the basis of the claims against him or her. See Robbins v. Okla. ex rel. Dep't of Human Servs., 519 F.3d 1242, 1248-1250 (10th Cir. 2008).

III. The complaint

Plaintiff alleges that he was the victim of four instances of serious sexual misconduct by a member of the Anderson County Sheriff's Department when he was a pretrial detainee at the Anderson County Jail in November and December 2016. The last incident occurred in the middle of December 2016.

Plaintiff alleges that nothing happened after he reported the incidents; that "defendants maintained policies and procedures . . . that permitted . . . unregulated, unrestricted access to vulnerable prisoners;" and that he never received medical or psychological treatment. Doc. No. 1, p. 2. He also asserts that

3

there was a failure to train and supervise employees. Doc. No. 1, p. 3.

Plaintiff alleges federal law claims under 42 U.S.C. § 1983 and state law claims. He names the following defendants: Lexington Laiter, former Anderson County Sheriff's Deputy; Jeffrey Hupp, former Anderson County Sheriff; FNU Laiter, former Anderson County Undersheriff; John Doe #1, Anderson County Sheriff's Department employee; John Doe #2, Anderson County Sheriff's Department employee; and Anderson County. Plaintiff filed this action on August 5, 2019.

IV. Statute of limitations for § 1983 claims

A two-year limitations period applies to § 1983 claims filed in Kansas. Brown v. Unified School District 501, 465 F.3d 1184, 1188 (10th Cir. 2006). A § 1983 claim accrues when facts that would support a cause of action are or should be apparent. Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)(quoting Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995)). This is when a plaintiff knows or should know that his or her constitutional rights have been violated. Smith v. City of Enid, 149 F.3d 1151, 1154 (10th Cir. 1998).

Plaintiff filed this lawsuit more than two years after he knew or should have known that his constitutional rights were violated. Therefore, unless there are good grounds to find that the time that passed should not be counted (in other words, grounds

for "tolling" the running of the limitations period), plaintiff's § 1983 claims are untimely. Kansas law governs questions of tolling under these circumstances. Fratus, 49 F.3d at 675. Plaintiff has the burden of establishing a factual basis for tolling the limitations period. Aldrich v. McCulloch Props, Inc., 627 F.2d 1036, 1041, n.4 (10th Cir. 1980).

At the screening stage, the court may dismiss an action sua sponte, that is without a motion from defendants, if a statute of limitations defense is obvious from the face of the complaint and no further factual record is required. Fogle, 435 F.3d at 1258 (quoting Fratus, 49 F.3d at 674-75). Upon review of the complaint, the court shall direct plaintiff to show cause why his § 1983 claims should not be dismissed as untimely.

V. Deliberate indifference

To state a § 1983 claim of county liability for inadequate training, supervision or hiring, a plaintiff must allege facts plausibly showing that the county acted or failed to act with deliberate indifference as to its known or obvious consequences. Waller v. City and County of Denver, ____ F.3d ____, ____, 2019 WL 3543115 *4 (10th Cir. 8/5/2019)(quoting Board of Cty Comm'rs v. Brown, 520 U.S. 397, 407 (1997)). This standard may be satisfied by showing that the county had actual or constructive notice that its action or failure to act was substantially certain to result in a constitutional violation and it consciously or deliberately

chose to disregard the risk of harm. Id. (quoting Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998)). Plaintiff has failed to allege facts plausibly showing deliberate indifference by the county to the risks of sexual misconduct described by plaintiff.

VI. Personal participation

To state a § 1983 claim for individual liability, plaintiff must allege facts showing specifically what an individual defendant did to violate plaintiff's rights. Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 768 (10th Cir. 2013). Plaintiff's allegations are quite general as to every defendant except Lexington Laiter. The court shall direct plaintiff to show cause why his § 1983 claims against each individual defendant except Lexington Laiter should not be dismissed for failure to plausibly demonstrate that an individual defendant took an action or failed to take action causing a series of events that the individual defendant knew or reasonably should have known would cause injury.

VII. Conclusion

The court hereby directs plaintiff to show cause by September 13, 2019 why all or part of his § 1983 claims should not be dismissed as discussed in this order. If plaintiff fails to adequately support the plausibility of his § 1983 claims, the court may dismiss plaintiff's state law claims without prejudice. See

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)("[I]n the usual case in which all federal-law claims are eliminated . . . the balance of factors to be considered under the [supplemental] jurisdiction doctrine - - judicial economy, convenience, fairness and comity - - will point toward declining to exercise jurisdiction over the remaining state law claims.").

**IT IS SO ORDERED.**

Dated this 13th day of August, 2019, at Topeka, Kansas.

                                        s/Sam A. Crow_____
                                        Sam A. Crow, U.S. District Senior Judge