IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRADLEE PRATT,

           Plaintiff,

vs.                                           Case No. 19-3144-SAC

LEXINGTON LAITER and
JEFFREY HUPP,

           Defendants.

**O R D E R**

In an order dated August 13, 2019, the court directed plaintiff to show cause by September 13, 2019 why all or part of his § 1983 claims should not be dismissed on statute of limitations grounds and for other reasons discussed in the order. Plaintiff filed a new complaint on August 22, 2019. Doc. No. 5. The new complaint is quite similar to the original complaint, but it lists only two defendants: Lexington Laiter, a former corrections officer in Anderson County, Kansas and Jeffrey Hupp, the former sheriff of Anderson County.

This case involves allegations that plaintiff was sexually assaulted as an inmate by Lexington Laiter at the Anderson County Jail in November and December 2016. Plaintiff was later transferred from the Anderson County Jail to the Harvey County Jail. Plaintiff lists his current location as the El Dorado

1

Correctional Facility. According to the Kansas Department of Corrections website, plaintiff entered EDCF on July 17, 2017.

Plaintiff filed this action on August 5, 2019. Plaintiff claims that his federal rights were violated by the sexual assaults and because he did not receive medical or psychiatric assistance thereafter.

Plaintiff alleges a violation of 42 U.S.C. § 1983. As the court has noted in the prior screening order, there is a two-year statute of limitations for bringing an action under § 1983. Plaintiff's claims are barred as untimely, unless there are grounds to find that plaintiff's claims accrued within two years of August 5, 2019 or that the running of the limitations period should be tolled.

Plaintiff does not allege facts suggesting that his claims accrued more than two years before he filed this lawsuit. His allegations also do not support a statutory or equitable basis for tolling the limitations period.

Kansas law, K.S.A. 60-515, permits the tolling of limitations periods for persons under legal disability. Plaintiff, however, does not allege facts which qualify him for tolling under this statute.

Equitable tolling also is not plausibly supported. Plaintiff states that he was advised by persons (including two attorneys) that he had to wait until defendant Laiter was sentenced in

connection with the assaults before he filed this action.[1]  Doc. No. 5-1, p. 1.  He does not allege that these persons were the defendants or agents of the defendants.

The court is aware of no legal reason requiring plaintiff to wait to bring this action until defendant Laiter was sentenced. That plaintiff received advice to the contrary is not considered grounds for equitably tolling a limitations period in Kansas.  See Caballero v. Wyandotte County Sheriff's Dept., 2018 WL 5311883 *3 (D.Kan. 10/26/2018)(ignorance of the law does not justify equitable tolling); McClain v. Roberts, 2013 WL 3970215 *3 (Kan.App. 8/2/2013)(same); see also, Brown v. Buck, 614 Fed.Appx. 590, 593 (3rd Cir. 2015)(denial of equitable tolling of § 1983 action under similar circumstances); Fleming v. Evans, 481 F.3d 1249, 1255-56 (10th Cir. 2007)(citing multiple cases holding that an attorney's negligence or mistake does not justify equitable tolling); Hall v. U.S., 2013 WL 4047578 *4 (D.Kan. 8/9/2013)(attorney's miscalculation of filing deadline does not justify equitable tolling in FTCA action); Merrill v. Cintas Corp., 941 F.Supp. 1040, 1045 (D.Kan. 1996)(filing mistake by attorney's runner does not justify equitable tolling in Title VII action).

---

[1] An exhibit filed by plaintiff (Doc. No. 5-1, p. 8) indicates that Laiter was sentenced on May 14, 2018, approximately six months or more before the limitations period expired.

3

For the above-stated reasons, the court finds that plaintiff has failed to state a plausibly timely claim under § 1983. As mentioned in the court's prior screening order, under these circumstances the court shall decline to exercise jurisdiction over any remaining state law claims. Therefore, the court directs that this case be dismissed. Plaintiff's motions to proceed in forma pauperis (Doc. Nos. 2 and 6) shall be considered moot.

**IT IS SO ORDERED.**

Dated this 17th day of September, 2019, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge